JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-4755 PA (AJWx) | | Date | June 30, 2014 |
|---|---|---|---|---|
| Title | Vahe Nick Karapetian, et al. v. State Farm General Insurance Company, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**           IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant State Farm General Insurance Company ("Defendant") on June 19, 2014.  Defendant asserts that this Court has jurisdiction over the action brought against them by plaintiffs Vahe Nick Karapetian and Sylvia Karapetian ("Plaintiffs") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 14-4755 PA (AJWx) | | Date | June 30, 2014 |
|---|---|---|---|---|
| Title | Vahe Nick Karapetian, et al. v. State Farm General Insurance Company, et al. | | | |

The Notice of Removal asserts that Plaintiffs' Complaint alleges that at the time Plaintiffs filed this action each was a resident of the State of California.  (Notice of Removal ¶ 4.)  The Notice of Removal further asserts that, "Defendant is informed and believes and thereby alleges each plaintiff remains a citizen of the State of California."  (Id.)  Contrary to Defendant's assertion of Plaintiffs' citizenship, Defendant has only alleged and provided evidence of Plaintiffs' residence.  Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations of Plaintiffs' citizenship, based on an allegation of residence, are insufficient to establish Plaintiffs' citizenship.  See Kanter v. Warner-Lambert Co., 265 F.3d at 857.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

Therefore, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC545831.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.